Jared J. Braithwaite (UT State Bar No. 12455)
jbraithwaite@foley.com
Hannah L. Andrews (UT State Bar No. 18157)
handrews@foley.com
FOLEY & LARDNER LLP
95 South State Street, Suite 2500
Salt Lake City, Utah 84111
(801) 401-8900

*Attorneys for Plaintiff Cicero Group, LP*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Cicero Group, LP**, a Utah limited partnership; and **Cicero Research, LLC**, a Utah limited liability corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **Cicero Action**, a Texas organization; and **Cicero Research**, a Texas organization, <br><br> Defendants. | Civil No. 2:23-cv-00240 <br><br> **Complaint** <br><br> District Judge _____ |

Plaintiffs Cicero Group, LP and Cicero Research, LLC (collectively "Cicero Research") complains against Defendants Cicero Action and Cicero Research d/b/a Cicero Institute (collectively, "Defendants") for the causes of action alleged as follows:

## THE PARTIES

1. Plaintiff Cicero Group, LP is a limited partnership formed under the laws of Utah and does business in Salt Lake City, Utah.

1

2. Plaintiff Cicero Group, LP is also the owner of U.S. Trademark Registration Nos. 4,473,334 and 6,920,503.

3. Plaintiff Cicero Research, LLC is a limited liability corporation formed under the laws of Utah and does business in Utah.

4. Plaintiff Cicero Research, LLC is a wholly-owned subsidiary of Cicero Group LP, and Cicero Group, LP and Cicero Research use their rights in the trademarks that are the subject of this complaint through, *inter alia*, the activities of Cicero Research LLC.

5. Upon information and belief, Defendants Cicero Action and Cicero Research are Texas organizations and conducts business under the name Cicero Institute. Defendants have their principal place of business at 2112 Rio Grande St., Austin, Texas 78705-3101.

6. Upon information and belief, Defendants are political groups that advocate for policies within government branches across the United States.

## NATURE OF THE DISPUTE

7. This is an action for infringement of Cicero Group's federally-registered trademark rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and for substantial and related claims under the statutory and common laws of the State of Utah, all arising from the Defendant's unauthorized use of Cicero Group's trademark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's services.

## JURISDICTION AND VENUE

8. This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court's jurisdiction is founded upon 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, and 1338(a). This is also an action for false advertising arising under Utah Code Ann. §§ 13-11a-3, 13-5a-10 *et seq.* and 70-3a-101 *et seq.*

9. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has related-claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367

10. This Court has personal jurisdiction over Defendants because, as alleged herein, Defendants' activities are directed continuously and systematically toward the State of Utah including Defendants' use of the CICERO Trademark.

11. Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred, a substantial part of property that is the subject of the action is situated, and the Defendants are subject to the Court's personal jurisdiction with respect to this action.

## BACKGROUND

*Cicero Group and Its Trademark Rights*

12. Cicero Group is a leader in providing research and consulting services that incorporate data-driven strategies for private, public, and social sector organizations across the globe. Cicero Group's clients involve a variety of sectors in the United States such as education, healthcare, government, retail, entertainment, telecommunication, technology, finance, manufacturing, and industrials.

13. Since as early as 2007, Cicero Group has used the marks CICERO and CICERO GROUP in connection with providing in-house data gathering resources and experience to generate insights, create actionable strategies, and drive transformation with an overarching purpose of helping people create and build lasting capabilities.

14. Cicero Group has obtained significant consumer goodwill and brand recognition in its CICERO trademarks in the United States. As a result of its investments in its brand and the goodwill established in the marketplace for its work, Vault.com ranked Cicero Group among the "Top 50 Consulting Firms" in 2018, 2019, and 2020. Cicero Group was also recognized as one of the fastest growing consulting firms in North America according to Consulting Magazine's annual "Fastest Growing Firms" in 2018 and 2019.

15. As a result of its widespread, continuous, and exclusive use of CICERO and CICERO GROUP to identify its services and Cicero Group as their source, Cicero Group owns valid and subsisting federal statutory and common law rights to the CICERO and CICERO GROUP trademarks.

16. Cicero Group is the owner of valid and subsisting United States Trademark Registration No. 4,473,334 and (the "'334 Registration") for the CICERO GROUP trademark for "consulting services, namely, providing market research, business data analytics, economic analysis and business strategy consulting" in Class 35.

17. Cicero Group is also the owner of valid and subsisting United States Trademark Registration No. 6,920,503 (the "'503 Registration") for the CICERO trademark for "consulting services, namely, providing market research, business data analytics, economic analysis and business strategy consulting; business management consulting and advisory services; public

policy consultancy services; government management consulting and advisory services; social sector management consulting and advisory services; consulting services in the field of government organizational management; consulting services in the field of social sector organizational management" in Class 35 and "government management consulting and advisory services in the field of financial planning, fiscal assessment and evaluation; social sector management consulting and advisory services in the field of financial planning, fiscal assessment and evaluation, investment portfolio design, financial due diligence" in Class 36.

18.     The registration certificates of for the '334 and '503 Registrations are attached as Exhibits 1–2. The '334 and '503 Registrations together with Cicero Group's other non-registered trademark rights in its trademark are collectively referenced herein as the "CICERO Trademark."

19.     The CICERO and CICERO GROUP trademarks, including the '334 and '503 Registrations, are referred to herein as the "CICERO Trademarks."

20.     The CICERO Trademarks are distinctive to both the consuming public and Cicero Group's trade.

21.     Cicero Group has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the CICERO Trademarks including through Cicero Group's work product, promotional advertising, marketing, and sales.

22.     As a result of Cicero Group's expenditures and efforts, the CICERO Trademarks have come to signify the high quality of the services designated by the CICERO Trademarks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Cicero Group.

*Defendants' Unlawful Activities*

23. Upon information and belief, Defendants are political groups that advocate for policies within the United States government.

24. Without Cicero Group's authorization, and upon information and belief, beginning after Cicero Group acquired protectable exclusive rights in its CICERO Trademarks, Defendants incorporated the CICERO Trademarks into their name and improperly used the CICERO Trademarks in commerce.

25. Defendants' improper adoption and use of "Cicero" is similar or identical to Cicero Group's CICERO Trademarks. For example, Defendants often refers to their entities in shorthand as "Cicero," which is misleading to consumers to mean Cicero Group.

**Policy Principles for a More Functional Future**

Cicero policies are grounded in the principles of transparency, good incentives, and accountability — all hallmarks of a functional system. The details and results of a policy should be transparent to the public; public institutions should be incentivized toward solving problems instead of perpetuating them; and those institutions must be accountable to the public.

The United States is a big country with many different jurisdictions. These nonpartisan principles allow for adaptable policies that any government entity can apply to operate more like the most functional and innovative parts of American society, with real results.

Cicero policies can enable more affordable healthcare products, help solve our nation's homelessness epidemic, make government services more effective for those who use them, reform our broken parole & probation system, and do much more.

https://www.ciceroinstitute.org/about/

26. Defendants' use of the Cicero mark has been published on Defendants' social media platforms such as LinkedIn, Facebook, Twitter, and Medium. For example, Defendants

made a post regarding Utah Representative James F. Cobb and his sponsorship of HB326; however, Defendants' use of "Cicero" results in a likelihood of confusion implying Cicero Group's involvement with this matter:



https://www.linkedin.com/company/ciceroinstitute/posts/?feedView=all

7

27. Further, Defendants refer to themselves as "Cicero" within communications, which leads to additional confusion that Defendants are representing Cicero Group or are somehow affiliated with Cicero Group. For example, Devon Kurtz, Defendants' Public Safety Policy Director, sent an email to Brian Koehn regarding "Cicero's model bill language":



28.     Defendants' improper use of the CICERO Trademarks has also resulted in actual confusion, and Cicero Group has received communications confusing Cicero Group with Defendants. For example, on December 23, 2022, Plaintiff received an email from Dan Hooper at ScholarShot regarding policy initiatives in the State of Texas. Mr. Hooper sent an email to Cicero Group, thinking that Cicero Group was synonymous with Defendants. *See* Exbibit 3.

29.     Defendants infringing uses have caused media platforms throughout the United States to misuse the CICERO Trademarks to refer to Defendants. For example, Vox, an American news and opinion website owned by Vox Media, published an article on March 8, 2023, referencing "Cicero's template legislation" and "Cicero-inspired law" as shown here:

> Amid growing community frustration, some leaders have started to pursue tougher measures on encampments, including ramping up criminal penalties on people pitching tents on public land. In at least half a dozen states, lawmakers have pushed bills **based on templates** from the Cicero Institute, an Austin-based think tank **opposed to housing-first**. The bills propose to permanently ban tent encampments and penalize cities that permit them.
>
> Texas became **the first state to pass a version** of Cicero's template legislation in 2021, and lawmakers say it was a direct response to Austin's city council lifting its homeless encampment ban in 2019. (Austin's encampment ban returned in 2021, after **57 percent of Austin residents** voted for its reinstatement.)
>
> In 2022, Tennessee became the first state to pass a bill that would make camping on local public land — like parks — **a felony**. Missouri likewise passed a Cicero-inspired law last year, that would **criminalize sleeping on state-owned land**. Missouri's law allows the state's attorney general to sue local governments that don't enforce the ban.

https://www.vox.com/policy/2023/3/8/23618237/homelessness-tent-encampments-housing-affordable (highlighting added).

30. Defendants' infringement of the CICERO Trademarks has caused and is likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, or otherwise authorized by Cicero Group.

31. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Cicero Group and to its valuable reputation and goodwill with the consuming public for which Cicero Group has no adequate remedy at law.

**FIRST CLAIM FOR RELIEF**
**Trademark Infringement 15 U.S.C. § 1114**

32. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

33. Defendants have used and continue to use the registered CICERO Trademarks in association with their services for policy initiatives in the United States.

34. Defendants' unauthorized use in commerce of the registered CICERO Trademarks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Cicero Group, or that Defendants are in some way affiliated with or sponsored by Cicero Group. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

35. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Cicero Group's prior rights in the registered CICERO Trademarks.

36. Defendants' conduct is causing immediate and irreparable harm and injury to Cicero Group, and to its goodwill and reputation, and will continue to both damage Cicero Group and confuse the public unless enjoined by this court. Cicero Group has no adequate remedy at law.

37. Cicero Group is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

## SECOND CLAIM FOR RELIEF
### Unfair Competition/False Designation of Origin 15 U.S.C. § 1125

38. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

39. Defendants' use of the registered CICERO Trademarks is deceptive and likely to cause mistake and confusion regarding whether Defendants' goods and services originate from Cicero Group, or are sponsored, or approved of, by Cicero Group.

40. By its aforementioned acts, Defendants have infringed Cicero Group's federal trademark rights in the CICERO Group Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C § 1125(a).

41. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Cicero Group's prior rights in the registered CICERO Trademarks.

42. Defendants' conduct is causing immediate and irreparable harm and injury to Cicero Group, and to its goodwill and reputation, and will continue to both damage Cicero Group and confuse the public unless enjoined by this court.

43. Cicero Group has suffered damages as a result of Defendants' unlawful actions.

44. Pursuant to 15 U.S.C. § 117, Cicero Group is entitled to damages.

### THIRD CLAIM FOR RELIEF
### Unfair Competition Act Utah Code Ann. 13-5a-101

45. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

46. Defendants' conduct as alleged is in violation of Utah Code Ann. § 13-5a-101 *et seq*.

47. Cicero Group alleges on information and belief that Defendants' acts have been willful and with knowledge that Defendants would unlawfully and unfairly be profiting from the goodwill associated with Cicero Group and its rights in the CICERO Trademarks.

48. Defendants' actions have led to a material diminution in value of the CICERO Trademarks.

49. Cicero Group has been injured by Defendants' infringement of the CICERO Trademarks.

50. Pursuant to Utah Code Ann. § 13-5a-103, Cicero Group is entitled to damages, costs, attorneys' fees, and punitive damages from Defendants for its unfair competition.

## THIRD CLAIM OF RELIEF
### Deceptive Trade Practices under Utah Code Ann. § 13-11a-3

51. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

52. Defendants, by their actions as alleged herein, have caused a likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by Cicero Group and has thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13-11a-3(1)(c).

53. Defendants' conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a).

54. Cicero Group alleges on information and belief that Defendants has engaged in deceptive trade practices against Cicero Group with a willful and deliberate disregard of Cicero Group's rights and those of the consuming public.

55. Defendants' acts have caused Cicero Group to suffer damages and irreparable harm.

56. Accordingly, Cicero Group is entitled to injunction and monetary relief against Defendants, pursuant to at least Utah Code Ann. § 13-11a-4(2)(a) and (b).

## FOURTH CLAIM OF RELIEF
### Trademark Infringement Under Utah Code Ann. 70-3a-101 et seq.

57. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth hereat.

13

58. The CICERO Trademarks have developed a reputation and goodwill for Cicero Group's business and its product and services, and through time, money, and effort, the words have acquired secondary meaning for products and services for which they are registered.

59. Defendants havebeen using the CICERO Trademarks in a way that is sufficiently similar to Cicero Group's use of the CICERO Trademarks to produce confusion among the public consuming these goods and services.

60. The use of Cicero Group's CICERO Trademarks has caused actual confusion as to the source of Defendants' products and services and is likely to cause continued confusion.

61. Cicero Group has suffered damages, including at least a need to undertake corrective advertising to mitigate the effect of the false association between Cicero Group and Defendants, in an amount to be determine at trial, as a result of the unauthorized use of its marks.

62. Cicero Group will continue to suffer damage unless Defendants are enjoined from continuing to infringe upon its trademark rights.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing allegations and claims, Cicero Group requests the following relief and prays that the Court award its judgment against Defendants:

a. Judgment that Defendants have infringed Cicero Group rights in the CICERO Trademarks;

b. Judgment that Defendants have committed acts of unfair competition;

c. Judgment that Defendants have engaged in deceptive trade practices;

d. Cicero Group be granted preliminary and permanent injunctive relief pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a),

    enjoining Defendants, their officers, agents, servants, employees, and all those persons in active concert or participation with any of them from further acts of infringement of Cicero Group rights in the CICERO Trademarks;

e. Cicero Group be granted permanent injunctive relief enjoining Defendants, their officers, agents, servants, employees, and all those persons in active concert or participation with any of them, from engaging in deceptive trade practices, pursuant to at least Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), and Utah Code Ann. § 13-11a-4(2)(a);

f. An award of damages, costs, attorneys' fees, and punitive damages for Defendants' acts of infringement and unfair competition;

g. An award of damages and Defendants' profits, in an amount to be proven at trial, pursuant to applicable state statutory and common law, including at least the greater of Cicero Group's actual damages and $2,000, pursuant to Utah Code Ann. § 13-11a-4(2)(b);

h. As part of final judgment, the Court declare that this is an exceptional case under 15 U.S.C. § 1117, and award Cicero Group its attorneys' fees;

i. An award of costs and attorneys' fees under Utah Code Ann. § 13-11a-4(2)(c); and

j. Cicero Group be granted such other and further relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Cicero Group demands trial by jury on all claim and issues so triable.

Dated: April 12, 2023.	Respectfully submitted,

FOLEY & LARDNER LLP

By:	*/s/ Jared J. Braithwaite*
	Jared J. Braithwaite
	Hannah L. Andrews

Attorneys for Plaintiff Cicero Group, LP