Eric D. Babych (UT State Bar No. 15318)
BARNES & THORNBURG LLP
299 S. Main Street, Suite 1825
Salt Lake City, UT 84111
Tel: (801) 906-5126
eric.babych@btlaw.com

*Attorney for Defendants Cicero Action and Cicero Research*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **Cicero Group, LP,** a Utah limited partnership; and **Cicero Research, LLC,** a Utah limited liability corporation, <br><br> Plaintiffs, <br><br> v. <br><br> **Cicero Action,** a Texas organization; and **Cicero Research,** a Texas organization, <br><br> Defendants. | Civil No. 2:23-cv-00240 <br><br> **Answer and Affirmative Defenses** <br><br> District Judge Howard C. Nielson, Jr |

Defendants Cicero Action and Cicero Research (collectively, "Cicero Institute") for its answers and affirmative defenses to Plaintiffs' Complaint, respond as follows:

## THE PARTIES

1. Plaintiff Cicero Group, LP is a limited partnership formed under the laws of Utah and does business in Salt Lake City, Utah.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore denies the same.

2. Plaintiff Cicero Group, LP is also the owner of U.S. Trademark Registration Nos. 4,473,334 and 6,920,503.

1

**Answer:** Cicero Institute admits the USPTO records identify Plaintiff as owner of the identified trademark registrations. Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 2 of the Complaint and therefore denies the same.

3. Plaintiff Cicero Research, LLC is a limited liability corporation formed under the laws of Utah and does business in Utah.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and therefore denies the same.

4. Plaintiff Cicero Research, LLC is a wholly-owned subsidiary of Cicero Group LP, and Cicero Group, LP and Cicero Research use their rights in the trademarks that are the subject of this Complaint through, *inter alia*, the activities of Cicero Research LLC.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, therefore, denies the same.

5. Upon information and belief, Defendants Cicero Action and Cicero Research are Texas organizations and conducts business under the name Cicero Institute. Defendants have their principal place of business at 2112 Rio Grande St., Austin, Texas 78705-3101.

**Answer:** Admitted.

6. Upon information and belief, Defendants are political groups that advocate for policies within government branches across the United States.

**Answer:** Denied.

**NATURE OF THE DISPUTE**

7. This is an action for infringement of Cicero Group's federally-registered trademark rights under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and

false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and for substantial and related claims under the statutory and common laws of the State of Utah, all arising from the Defendant's unauthorized use of Cicero Group's trademark in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's services.

**Answer:** Cicero Institute admits that Plaintiffs have alleged certain causes of action. Cicero Institute denies any and all liability and further denies the remaining allegations of Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.  This is a civil action for trademark infringement and unfair competition arising under the Lanham Act, 15 U.S.C. § 1051 *et seq*. This Court's jurisdiction is founded upon 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, and 1338(a). This is also an action for false advertising arising under Utah Code Ann. §§ 13-11a-3, 13-5a-10 *et seq.* and 70-3a-101 *et seq.*

**Answer:** Cicero Institute admits that Plaintiffs have alleged certain causes of action. Cicero Institute further admits this Court has subject matter jurisdiction over the causes of action alleged by Plaintiffs. Cicero Institute denies any and all liability and further denies the remaining allegations of Paragraph 8 of the Complaint.

9.  This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121. This Court has related-claim jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b) and 28 U.S.C. § 1367.

**Answer:** Admitted.

10. This Court has personal jurisdiction over Defendants because, as alleged herein, Defendants' activities are directed continuously and systematically toward the State of Utah including Defendants' use of the CICERO Trademark.

**Answer:** Cicero Institute admits for purposes of this litigation only that this Court has personal jurisdiction over Cicero Institute. Cicero Institute denies the remaining allegations of Paragraph 10 of the Complaint.

11.     Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred, a substantial part of property that is the subject of the action is situated, and the Defendants are subject to the Court's personal jurisdiction with respect to this action.

**Answer:** Cicero Institute admits for purposes of this litigation only that venue is proper in this District. Cicero Institute denies the remaining allegations of Paragraph 11 of the Complaint.

## BACKGROUND

12.     Cicero Group is a leader in providing research and consulting services that incorporate data-driven strategies for private, public, and social sector organizations across the globe. Cicero Group's clients involve a variety of sectors in the United States such as education, healthcare, government, retail, entertainment, telecommunication, technology, finance, manufacturing, and industrials.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of Plaintiffs' Complaint and, therefore, denies the same.

13.     Since as early as 2007, Cicero Group has used the marks CICERO and CICERO GROUP in connection with providing in-house data gathering resources and experience to generate insights, create actionable strategies, and drive transformation with an overarching purpose of helping people create and build lasting capabilities.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of Plaintiffs' Complaint, and therefore denies the same.

14. Cicero Group has obtained significant consumer goodwill and brand recognition in its CICERO trademarks in the United States. As a result of its investments in its brand and the goodwill established in the marketplace for its work, Vault.com ranked Cicero Group among the "Top 50 Consulting Firms" in 2018, 2019, and 2020. Cicero Group was also recognized as one of the fastest growing consulting firms in North America according to Consulting Magazine's annual "Fastest Growing Firms" in 2018 and 2019.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of Plaintiffs' Complaint and, therefore, denies the same.

15. As a result of its widespread, continuous, and exclusive use of CICERO and CICERO GROUP to identify its services and Cicero Group as their source, Cicero Group owns valid and subsisting federal statutory and common law rights to the CICERO and CICERO GROUP trademarks.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of Plaintiffs' Complaint and, therefore, denies the same.

16. Cicero Group is the owner of valid and subsisting United States Trademark Registration No. 4,473,334 and (the "'334 Registration") for the CICERO GROUP trademark for "consulting services, namely, providing market research, business data analytics, economic analysis and business strategy consulting" in Class 35.

**Answer:** Cicero Institute admits the USPTO records identify Plaintiff as owner of the identified trademark registration and the Class 35 services. Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 of the Complaint and therefore denies the same.

17. Cicero Group is also the owner of valid and subsisting United States Trademark Registration No. 6,920,503 (the "'503 Registration") for the CICERO trademark for "consulting services, namely, providing market research, business data analytics, economic analysis and business strategy consulting; business management consulting and advisory services; public policy consultancy services; government management consulting and advisory services; social sector management consulting and advisory services; consulting services in the field of government organizational management; consulting services in the field of social sector organizational management" in Class 35 and "government management consulting and advisory services in the field of financial planning, fiscal assessment and evaluation; social sector management consulting and advisory services in the field of financial planning, fiscal assessment and evaluation, investment portfolio design, financial due diligence" in Class 36.

**Answer:** Cicero Institute admits the USPTO records identify Plaintiff as owner of the identified trademark registration and the Class 35 and 36 services. Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17 of the Complaint and, therefore, denies the same.

18. The registration certificates of for the '334 and '503 Registrations are attached as Exhibits 1–2 [of Plaintiff's Complaint]. The '334 and '503 Registrations together with Cicero Group's other non-registered trademark rights in its trademark are collectively referenced herein as the "CICERO Trademark."

**Answer:** Cicero Institute admits the '334 and '503 Registrations were attached as Exhibits 1-2. Cicero Institute admits the '334 and '503 Registrations are registered. Cicero Institute is without sufficient information concerning the alleged ownership and non-registered rights stated in Paragraph 18 and, therefore, denies the same.

19. The CICERO and CICERO GROUP trademarks, including the '334 and '503 Registrations, are referred to herein as the "CICERO Trademarks."

**Answer:** Cicero Institute admits the '334 and '503 Registrations are registered. Cicero Institute is without sufficient information concerning the alleged ownership and non-registered rights stated in Paragraph 18 and, therefore, denies the same.

20. The CICERO Trademarks are distinctive to both the consuming public and Cicero Group's trade.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 20 of the Complaint.

21. Cicero Group has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the CICERO Trademarks including through Cicero Group's work product, promotional advertising, marketing, and sales.

**Answer:** Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of Plaintiffs' Complaint and, therefore, denies the same.

22. As a result of Cicero Group's expenditures and efforts, the CICERO Trademarks have come to signify the high quality of the services designated by the CICERO Trademarks, and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Cicero Group.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 22 of the Complaint.

*Defendants' Unlawful Activities*

23. Upon information and belief, Defendants are political groups that advocate for policies within the United States government.

**Answer:** Cicero Institute admits it is a nonpartisan policy organization focused on fixing various systems in the public sector. Cicero Institute denies the remaining allegations of Paragraph 23 of the Complaint.

24. Without Cicero Group's authorization, and upon information and belief, beginning after Cicero Group acquired protectable exclusive rights in its CICERO Trademarks, Defendants incorporated the CICERO Trademarks into their name and improperly used the CICERO Trademarks in commerce.

**Answer:** Cicero Institute admits it adopted "Cicero" into its name. Cicero Institute denies the remaining allegations of Paragraph 24.

25. Defendants' improper adoption and use of "Cicero" is similar or identical to Cicero Group's CICERO Trademarks. For example, Defendants often refers to their entities in shorthand as "Cicero," which is misleading to consumers to mean Cicero Group. [image removed]

**Answer:** Cicero Institute admits it refers to its entities in shorthand as "Cicero." Cicero Institute denies the remaining allegations of Paragraph 25.

26. Defendants' use of the Cicero mark has been published on Defendants' social media platforms such as LinkedIn, Facebook, Twitter, and Medium. For example, Defendants made a post regarding Utah Representative James F. Cobb and his sponsorship of HB326; however, Defendants' use of "Cicero" results in a likelihood of confusion implying Cicero Group's involvement with this matter: [image removed]

**Answer:** Cicero Institute admits that it uses "Cicero Institute" as the profile name for its social media platforms, such as LinkedIn, Facebook, X (formerly Twitter), and Medium. Cicero Institute admits it refers to its entities in shorthand as "Cicero." Cicero Institute denies the remaining allegations of Paragraph 26.

27. Further, Defendants refer to themselves as "Cicero" within communications, which leads to additional confusion that Defendants are representing Cicero Group or are somehow affiliated with Cicero Group. For example, Devon Kurtz, Defendants' Public Safety Policy Director, sent an email to Brian Koehn regarding "Cicero's model bill language": [image removed]

**Answer:** Cicero Institute admits that it refers to its entities in shorthand as "Cicero." Cicero Institute denies the remaining allegations of Paragraph 27.

28. Defendants' improper use of the CICERO Trademarks has also resulted in actual confusion, and Cicero Group has received communications confusing Cicero Group with Defendants. For example, on December 23, 2022, Plaintiff received an email from Dan Hooper at ScholarShot regarding policy initiatives in the State of Texas. Mr. Hooper sent an email to Cicero Group, thinking that Cicero Group was synonymous with Defendants. *See* Exbibit [sic] 3 [of Cicero Group's Complaint].

**Answer:** Cicero Institute denies any allegation that it has improperly used its Cicero trademarks, and further denies any allegations of actual confusion. Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of Plaintiffs' Complaint and, therefore, denies the same.

29. Defendants['] infringing uses have caused media platforms throughout the United States to misuse the CICERO Trademarks to refer to Defendants. For example, Vox, an American news and opinion website owned by Vox Media, published an article on March 8, 2023,

9

referencing "Cicero's template legislation" and "Cicero-inspired law" as shown here: [image removed]

**Answer:** Cicero Institute denies any allegation that it has any infringing use of the Cicero trademarks, and further denies any allegations of Cicero Institute's activities causing any misuse. Cicero Institute is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of Plaintiffs' Complaint and, therefore, denies the same.

30. Defendants' infringement of the CICERO Trademarks has caused and is likely to continue to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' services and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, or otherwise authorized by Cicero Group.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 30 of the Complaint.

31. Defendants' acts are causing and, unless restrained, will continue to cause damage and immediate irreparable harm to Cicero Group and to its valuable reputation and goodwill with the consuming public for which Cicero Group has no adequate remedy at law.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 31 of the Complaint.

### FIRST CLAIM FOR RELIEF
### Trademark Infringement 15 U.S.C. § 1114

32. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**Answer:** Cicero Institute re-alleges and incorporates by reference its responses to the allegations of Paragraph 1 through 31 above as if fully set herein.

33. Defendants have used and continue to use the registered CICERO Trademarks in association with their services for policy initiatives in the United States.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 33 of the Complaint.

34. Defendants' unauthorized use in commerce of the registered CICERO Trademarks is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Cicero Group, or that Defendants are in some way affiliated with or sponsored by Cicero Group. Defendants' conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

**Answer:** Cicero Institute denies the allegation contained in Paragraph 34 of the Complaint.

35. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Cicero Group's prior rights in the registered CICERO Trademarks.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 35 of the Complaint.

36. Defendants' conduct is causing immediate and irreparable harm and injury to Cicero Group, and to its goodwill and reputation, and will continue to both damage Cicero Group and confuse the public unless enjoined by this court. Cicero Group has no adequate remedy at law.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 36 of the Complaint.

37. Cicero Group is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 37 of the Complaint.

## SECOND CLAIM FOR RELIEF
### Unfair Competition/False Designation of Origin 15 U.S.C. § 1125

38. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**Answer:** Cicero Institute re-alleges and incorporates by reference its responses to the allegations of Paragraph 1 through 37 above as if fully set herein.

39. Defendants' use of the registered CICERO Trademarks is deceptive and likely to cause mistake and confusion regarding whether Defendants' goods and services originate from Cicero Group, or are sponsored, or approved of, by Cicero Group.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 39 of the Complaint.

40. By its aforementioned acts, Defendants have infringed Cicero Group's federal trademark rights in the CICERO Group Trademarks in violation of Section 32 of the Lanham Act, 15 U.S.C § 1125(a).

**Answer:** Cicero Institute denies the allegation contained in Paragraph 40 of the Complaint.

41. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Cicero Group's prior rights in the registered CICERO Trademarks.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 41 of the Complaint.

42. Defendants' conduct is causing immediate and irreparable harm and injury to Cicero Group, and to its goodwill and reputation, and will continue to both damage Cicero Group and confuse the public unless enjoined by this court.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 42 of the Complaint.

43. Cicero Group has suffered damages as a result of Defendants' unlawful actions.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 43 of the Complaint.

44. Pursuant to 15 U.S.C. § 117, Cicero Group is entitled to damages.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 44 of the Complaint.

### THIRD CLAIM FOR RELIEF
### Unfair Competition Act Utah Code Ann. 13-5a-101

45. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**Answer:** Cicero Institute re-alleges and incorporates by reference its responses to the allegations of Paragraph 1 through 44 above as if fully set herein.

46. Defendants' conduct as alleged is in violation of Utah Code Ann. § 13-5a-101 *et seq*.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 46 of the Complaint.

47. Cicero Group alleges on information and belief that Defendants' acts have been willful and with knowledge that Defendants would unlawfully and unfairly be profiting from the goodwill associated with Cicero Group and its rights in the CICERO Trademarks.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 47 of the Complaint.

48. Defendants' actions have led to a material diminution in value of the CICERO Trademarks.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 48 of the Complaint.

49. Cicero Group has been injured by Defendants' infringement of the CICERO Trademarks.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 49 of the Complaint.

50. Pursuant to Utah Code Ann. § 13-5a-103, Cicero Group is entitled to damages, costs, attorneys' fees, and punitive damages from Defendants for its unfair competition.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 50 of the Complaint.

## THIRD[1] CLAIM OF RELIEF
### Deceptive Trade Practices under Utah Code Ann. § 13-11a-3

51. Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**Answer:** Cicero Institute re-alleges and incorporates by reference its responses to the allegations of Paragraph 1 through 50 above as if fully set herein.

52. Defendants, by their actions as alleged herein, have caused a likelihood of confusion or of misunderstanding as to affiliation, connection, association with, or certification by Cicero Group and has thereby engaged in a deceptive trade practice, pursuant to Utah Code Ann. § 13-11a-3(1)(c).

**Answer:** Cicero Institute denies the allegation contained in Paragraph 52 of the Complaint.

53. Defendants' conduct as set forth hereinabove gives rise to a cause of action for deceptive trade practices and related wrongs under the statutory and common law of the State of Utah, including at least Utah Code Ann. § 13-11a-4(2)(a).

**Answer:** Cicero Institute denies the allegation contained in Paragraph 53 of the Complaint.

54. Cicero Group alleges on information and belief that Defendants has engaged in deceptive trade practices against Cicero Group with a willful and deliberate disregard of Cicero Group's rights and those of the consuming public.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 54 of the Complaint.

55. Defendants' acts have caused Cicero Group to suffer damages and irreparable harm.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 55 of the Complaint.

---

[1] Cicero Group's Complaint lists two "Third Claim of Relief" headers. For consistency, Cicero Institute maintains the count as laid out in the Complaint.

14

56.     Accordingly, Cicero Group is entitled to injunction and monetary relief against Defendants, pursuant to at least Utah Code Ann. § 13-11a-4(2)(a) and (b).

**Answer:** Cicero Institute denies the allegation contained in Paragraph 56 of the Complaint.

**FOURTH CLAIM OF RELIEF**
**Trademark Infringement Under Utah Code Ann. 70-3a-101 et seq.**

57.     Cicero Group re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

**Answer:** Cicero Institute re-alleges and incorporates by reference its responses to the allegations of Paragraph 1 through 56 above as if fully set herein.

58.     The CICERO Trademarks have developed a reputation and goodwill for Cicero Group's business and its product and services, and through time, money, and effort, the words have acquired secondary meaning for products and services for which they are registered.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 58 of the Complaint.

59.     Defendants have been using the CICERO Trademarks in a way that is sufficiently similar to Cicero Group's use of the CICERO Trademarks to produce confusion among the public consuming these goods and services.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 59 of the Complaint.

60.     The use of Cicero Group's CICERO Trademarks has caused actual confusion as to the source of Defendants' products and services and is likely to cause continued confusion.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 60 of the Complaint.

61.     Cicero Group has suffered damages, including at least a need to undertake corrective advertising to mitigate the effect of the false association between Cicero Group and Defendants, in an amount to be determine at trial, as a result of the unauthorized use of its marks.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 61 of the Complaint.

62. Cicero Group will continue to suffer damage unless Defendants are enjoined from continuing to infringe upon its trademark rights.

**Answer:** Cicero Institute denies the allegation contained in Paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

Cicero Institute denies that Cicero Group is entitled to any recovery or relief in connection with the allegations set forth in the Complaint, including, but not limited to, the allegations set forth in the Prayer for Relief. Should Cicero Institute prevail on its defense in this action, it is entitled to a recovery of its fees under, *inter alia*, Section 1117 of the Lanham Act.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Cicero Group's claims are barred, in whole or in part, by the doctrine of laches, in that Cicero Group has unreasonably delayed efforts to enforce its right, if any, despite full awareness of Cicero Institute's actions.

## THIRD AFFIRMATIVE DEFENSE

Some or all of the relief sought by Cicero Group are barred because it has failed to establish irreparable injury.

## FOURTH AFFIRMATIVE DEFENSE

Cicero Group's claims and any recovery sought are barred by waiver, acquiescence, co-existence, estoppel, the doctrine of equitable estoppel and/or unclean hands in light of, in part, its failure to pursue its claims when they arose, and the parties' prior negotiations to resolve this dispute.

## FIFTH AFFIRMATIVE DEFENSE

With respect to Cicero Group's Fourth Claim for Relief under Utah Code Ann. 70-3a-101 et seq., this claim is barred for failure to state its mark is registered under this Chapter.

## SIXTH AFFIRMATIVE DEFENSE

Cicero Group's claims are barred by the prior oral agreement entered into between the parties.

Dated: October 5, 2023                                      **BARNES & THORNBURG LLP**

<u>*s*/Eric D. Babych.</u>
Eric D. Babych
299 S. Main Street
Suite 1825
Salt Lake City, UT 84111
Tel: (801) 906-5126
Eric.babych@btlaw.com

**Certificate of Service**

      I certify that on October 5, 2023, the forgoing document was electronically filed with the Clerk of Court using the CM/ECF system and emailed directly to the following:

Jared J. Braithwaite
Hannah L. Andrews
FOLEY & LARDNER LLP
95 S. State Street
Suite 2500
Salt Lake City, UT 84111
jbraithwaite@foley.com
handrews@foley.com

                                            s/*Francis P. Cislak.*
                                            Francis P. Cislak